**SO ORDERED.**

**SIGNED this 16 day of September, 2026.**

**David M. Warren**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

**IN RE:** **CASE NO. 26-01931-5-DMW**

**KENNETH BRYAN BENFIELD**

**CHAPTER 7**

**DEBTOR**

## ORDER OVERRULING OBJECTION TO EXEMPTION

This matter comes before the court upon the Trustee's Objection to Entireties Exemption ("Objection") filed by George F. Sanderson III, Esq. ("Trustee") in his capacity as Chapter 7 trustee for the bankruptcy estate of Kenneth Bryan Benfield ("Debtor") on July 30, 2026 and the Response filed by the Debtor on August 17, 2026. The court conducted a hearing on September 1, 2026 in Raleigh, North Carolina. The Trustee appeared on his own behalf, and Philip Sasser, Esq. appeared for the Debtor. After consideration of the evidence presented and arguments of counsel, the court makes the following findings of fact and conclusions of law:

Background

The Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code[1] on April 30, 2026, and the court appointed the Trustee to administer the estate pursuant to § 704. In Schedule A/B: Property, the Debtor disclosed a tenancy by the entirety ownership of 10.97 acres of real property ("Property") located at 9172 NC Highway 57, Rougemont, Orange County, North Carolina with a stated value of $200,000.00. There are no scheduled liens encumbering the Property. In Schedule C-1 – Property Claimed as Exempt, the Debtor claimed an exemption in the Property pursuant to § 522(b)(3)(B) and the law of the State of North Carolina pertaining to property held as tenants by the entirety. In Schedule E/F: Creditors Who Have Unsecured Claims, the Debtor listed nonpriority unsecured debts for which he is individually liable totaling $28,714.17.

In or around 2011, the Debtor and Sandra Anne Medlin Benfield ("Mrs. Benfield") were married. The Debtor and Mrs. Benfield first acquired the Property pursuant to a General Warranty Deed ("First Deed") executed by Blue Ridge Property Buyers, LLC on April 11, 2016 and recorded with the Orange County Register of Deeds on April 15, 2016. The First Deed identifies the grantee as "Sandra Anne Medlin Benfield and husband, Kenneth Bryan Benfield."

On or about March 6, 2017, the Debtor and Mrs. Benfield executed a North Carolina General Warranty Deed ("Second Deed") dated February 17, 2017 which transfers the Property to "JOHN RAINEY WALKER (MARRIED)" ("Mr. Walker"). Mr. Walker is Mrs. Benfield's son from a prior marriage. Over six years later, on June 26, 2023, the Second Deed was recorded with the Orange County Register of Deeds, and the recording indicates that no consideration was paid by Mr. Walker in exchange for the Property. At the time of recording, the Debtor and Mrs. Benfield

[1] Except for within formal citations, references to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.

were separated and parties to a civil action initiated by Mrs. Benfield against the Debtor in the Orange County District Court, Case Number 23CVD000138-670 ("Domestic Action"), seeking divorce from bed and board and equitable distribution.

The Debtor asserts that he first became aware of the transfer of the Property to Mr. Walker after the Second Deed was recorded during the pendency of the Domestic Action. The Debtor explains that he became physically and mentally disabled by a motorcycle accident which occurred in 2014, and he alleges that Mrs. Benfield and Mr. Walker conspired and took advantage of his medically induced incapacitation when executing the Second Deed.[2] Upon discovering the transfer of the Property to Mr. Walker, the Debtor engaged an attorney to seek avoidance of the transfer as a fraudulent conveyance, and Mr. Walker subsequently agreed to reconvey the Property back to the Debtor and Mrs. Benfield.

On September 29, 2023, Mr. Walker executed a Special Warranty Deed ("Third Deed"), conveying the Property to the Debtor and Mrs. Benfield. The Third Deed identifies the grantor as "JOHN RAINEY WALKER (divorced)" and the grantee as "SANDRA ANNE MEDLIN BENFIELD (separated) and KENNETH BRYAN BENFIELD (separated)." The Third Deed was recorded with the Orange County Register of Deeds on November 1, 2023.

On December 11, 2025, the Domestic Action was administratively closed. The Debtor and Mrs. Benfield never divorced and remain married.

## Discussion

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) which the court has the authority to hear and determine pursuant to 28 U.S.C. § 157(b)(1). The court has subject matter

[2] The Property was purchased using settlement funds paid to the Debtor in connection with his injuries sustained in the motorcycle accident.

jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference entered on August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

One of the fundamental protections provided to an individual debtor to ensure a "fresh start" is his right to exempt certain interests in property from the bankruptcy estate created by § 541. *See Schwab v. Reilly*, 560 U.S. 770, 791 (2010). The Bankruptcy Code allows a debtor to elect exemptions under either federal law as set forth in § 522(d) or applicable state law, unless the applicable state law "does not so authorize." *In re Rogers*, No. 16-02884-5-JNC, 2016 WL 5794707, at *2 (Bankr. E.D.N.C. Oct. 3, 2016) (quoting 11 U.S.C. § 522(b)).

North Carolina law provides that "[t]he exemptions provided in The Bankruptcy Code, 11 U.S.C. § 522(d), are not applicable to residents of this State. The exemptions provided by this Article and by other statutory or common law of this State shall apply for purposes of The Bankruptcy Code, 11 U.S.C. § 522(b)." N.C. Gen. Stat. § 1C-1601(f) (2025). Notwithstanding this "opt-out" provision, a North Carolina debtor may claim a tenancy by the entirety exemption under § 522(b)(3)(B). Chief Judge Laura T. Beyer of the United States Bankruptcy Court for the Western District of North Carolina recently explained as follows:

> North Carolina recognizes tenancy by the entirety, a form of co-ownership of real property held by husband and wife with the right of survivorship. *See* North Carolina General Statute § 41-[56]. However, there is no separate tenancy by the entirety exemption listed in the state's exemption statute, North Carolina General Statute section 1C-1601. The only reference to the concept appears in section 1C-1601(a)(1) where it is listed as one of the elements of an enhanced homestead exemption for elderly debtors whose former co-owner is deceased.
>
> The Bankruptcy Code, however, includes a tenancy by the entirety exemption. Debtors may use the exemption set forth in 11 U.S.C. § 522(b)(3)(B) to exempt "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by entirety or joint tenant is exempt from process under applicable nonbankruptcy law." This exemption is available even if the Code requires a debtor to use state exemptions. *See Schlossberg v. Barney*, 380 F.3d 174, 178 (4th Cir. 2004).

*In re Hmok*, 663 B.R. 674, 679 (Bankr. W.D.N.C. 2024).

The Trustee is objecting to the Debtor's claimed tenancy by the entirety exemption in the Property, asserting that the Third Deed does not convey the Property to the Debtor and Mrs. Benfield as tenants by the entirety. Absent this exemption, the unencumbered Property is subject to liquidation by the Trustee for the benefit of the Debtor's unsecured creditors.

"Property interests are created and defined by state law." *Butner v. United States,* 440 U.S. 48, 55 (1979). The North Carolina General Statutes provide that—

> *[u]nless a contrary intention is expressed in the conveyance*, a conveyance of real property, or any interest in real property, to spouses vests title in them as tenants by the entirety when the conveyance is to one of the following:
>
> > (1) A named man "and wife."
> >
> > (2) A named woman "and husband."
> >
> > (3) A named individual "and wife."
> >
> > (4) A named individual "and husband."
> >
> > (5) A named individual "and spouse."
> >
> > (6) Two named individuals, married to each other at the time of the conveyance, whether or not identified in the conveyance as being (i) husband and wife, (ii) spouses, or (iii) married to each other.

N.C. Gen. Stat. § 41-56(a) (2021) (emphasis added). The Debtor and Mrs. Benfield presumptively hold the Property as tenants by the entirety, because the Third Deed identifies them within the confines of N.C. Gen. Stat. § 41-56(a)(6); however, the Trustee contends that the designation of "(separated)" next to each of their names expresses a contrary intention. The court disagrees.

North Carolina real estate deeds often designate the marital status of a grantor or grantee to provide record notice of that status. A common example is disclosing that an individual taking title to real property in their sole name is married, because in North Carolina, a spouse holds a marital interest in the other spouse's real property which prevents a married individual from conveying clean title to real property unless their spouse jointly executes the deed. *See* N.C. Gen.

Stat. § 39-7 (1965). An individual owner's married status on a deed will alert future potential purchasers that a second signature may be necessary on a conveyance deed.[3]

"Real property held by husband and wife as tenancy by the entirety is not subject to a claim by a creditor against only one spouse without the assent of the other. Under North Carolina law, property held as tenancy by the entireties can only be reached by joint creditors to satisfy joint debts." *In re Clifton*, No. 09-02379-8-RDD, 2013 WL 3805647, at *5 (Bankr. E.D.N.C. July 19, 2013) (citing *Davis v. Bass*, 188 N.C. 200, 205, 124 S.E. 566, 568-69 (1924)). This powerful protection from individual creditors is not provided to property owned by tenants in common, and "[a]n absolute divorce coverts property held as tenants by the entirety to a tenancy in common." N.C. Gen. Stat. § 41-63(5) (2025). The court views the Third Deed's disclosure that the Debtor and Mrs. Benfield were at that time separated as a way of providing notice to individual creditors that the tenancy by the entirety ownership might soon be severed and further investigation is warranted. If the Debtor and Mrs. Benfield intended to take ownership of the property other than as tenants by the entirety, then the Third Deed, which was prepared by an attorney, should have designated them specifically as either tenants in common or joint tenants with the right of survivorship.

Extrinsic or parole evidence is generally inadmissible to determine the effect of a deed. *See Bost v. Brown*, 293 N.C. App. 363-71, 370, 901 S.E.2d 349, 354 (2024) (citation omitted) (finding the affidavit of the attorney who prepared a deed inadmissible to aid in the interpretation of the deed's legal effect). However, the history of transfers of the Property supports the court's conclusion based upon the face of the Third Deed that the Debtor and Mrs. Benfield own the

[3] The Second Deed identifies Mr. Walker as married, but the Third Deed identifies him as divorced. At the hearing, the court pondered whether Mr. Walker's ex-spouse, who did not execute the Third Deed, may have an interest in the Property which could further complicate this already convoluted series of transactions.

Property as tenants by the entirety. They indisputably took title to the Property under the First Deed as tenants by the entirety, and Mr. Walker seemingly executed the Third Deed to restore the *status quo* after receiving what was likely an avoidable fraudulent transfer of the Property by the Second Deed; now therefore,

It is ORDERED, ADJUDGED, and DECREED that the Objection be, and hereby is, overruled.

END OF DOCUMENT